UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILY ROBBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:14-cv-01223 |
| v. ) | |
| ) | |
| WEBSTER UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT WEBSTER UNIVERSITY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE

Plaintiff opposes Defendant's Motion to Strike based on demonstrably false assertions and identifies no legal basis on which the Motion to Strike should be denied.[1] Her attempt to file an authorized sur-reply in opposition to the University's Cross-Motion to Enforce Settlement (the "Cross-Motion") serves as merely the latest example (in a series of many) of Plaintiff's unnecessary and burdensome motion practice. If Plaintiff is permitted to continue to file briefs on this matter, the University will suffer prejudice by incurring additional fees and expending additional resources in preparing responses to immaterial arguments.

### I.     FACTUAL BACKGROUND

The University filed the Cross-Motion and accompanying Memorandum in Support of the Cross-Motion ("Memorandum in Support") on May 31, 2016. *See* Docs. 62 and 63. On June 9, 2016, Plaintiff filed a memorandum in opposition to the Cross-Motion. *See* Doc. 68 (Plaintiff, Lily Robbe's Motion/Memorandum in Response to Defendant's Cross-Motion to Enforce

---

[1]  Plaintiff erroneously identified said memorandum as "Plaintiff, Lily Robbe's Memorandum in Support of the Motion of June 27, 2016." Although Plaintiff has consistently identified a number of her briefs as "motions/memoranda," these pleadings are in fact memoranda. Indeed, the memorandum that Plaintiff filed on June 27, 2016 was in fact a sur-reply to the University's Cross-Motion to Enforce Settlement, rather than a separate motion.

1

Settlement).  The University filed its Reply Memorandum in Support of the Cross-Motion (the "Reply") on June 20, 2016, and the University served the Reply by U.S. Mail on the same day. *See* Doc. 73.  Service by U.S. Mail on June 20th is the only means by which Defendant has ever sent the Reply to Plaintiff.

On Saturday, June 25, 2016, Plaintiff emailed counsel for the University, Travis Kearbey, and stated that she had not yet received a copy of the Reply and requested information regarding the University's service of the same.  *See* Email from L. Robbe to T. Kearbey, dated June 25, 2016, attached hereto as **Exhibit A**.  On Monday, June 27, 2016, Mr. Kearbey responded to Plaintiff's email by informing her that the Reply had been sent on June 20, 2016, to Plaintiff via U.S. Mail at Plaintiff's then-current address.  *See* Email from T. Kearbey to L. Robbe, dated June 27, 2016, attached hereto as **Exhibit B**.  Mr. Kearbey attached to his June 27th email to Plaintiff an electronic version of the June 20th cover letter to Plaintiff that enclosed the Reply, but Mr. Kearbey did not attach an electronic version of the Reply to Plaintiff.  *See id.*

Without leave to do so, Plaintiff filed a sur-reply to the Cross-Motion on June 27, 2016 (the "Sur-Reply").  *See* Doc. 79 (Plaintiff, Lily Robbe's Motion/Memorandum in Response to Defendant's Reply/Memorandum of June 20, 2016).  The University filed this Motion to Strike the Sur-Reply on June 28, 2016, to which Plaintiff filed a memorandum in opposition on June 29, 2016 ("Memorandum in Opposition").  *See* Docs. 80 and 81.

    II.    **DISCUSSION**

        A.    **Plaintiff Offers No Basis for Denying the Motion to Strike.**

Rather than identify a legal basis for denying the Motion to Strike, Plaintiff uses her opposition brief to launch another round of demonstrably false assertions about Defendant's practice of serving its filings in this case. In particular, Plaintiff represents inaccurately that she

did not receive service of the Reply until she claims to have received an electronic version of the Reply from Mr. Kearbey on June 27, 2016. *See* Mem. in Opp'n, ¶ 6 (noting that the Reply "never arrived at my postal address" and that "Defendant responded to my inquiry at 3:30 PM sending an *electronic copy* of the filed material."). Neither Mr. Kearbey nor any other representative of the University ever sent Plaintiff an electronic version of the Reply. The sole attachment to Mr. Kearbey's June 27th email to Plaintiff was an electronic copy of *the June 20th cover letter* that accompanied service of the Reply, which Mr. Kearbey provided on June 27th to demonstrate the date on which Defendant had served the Reply. *See* **Exh. B**. Plaintiff's suggestion otherwise is false. *See* Mem. in Opp'n, ¶ 6. Likewise, Plaintiff's suggestion that the University "attempted to make [Plaintiff] miss [her] date to respond to" the Reply by allegedly waiting to serve Plaintiff with an electronic copy of the Reply on June 27th is without merit. *See* Mem. in Opp'n, ¶ 6. Defendant did not serve any brief on Plaintiff on June 27th. Rather, the University served the Reply via U.S. Mail on June 20th—the same day that the brief was filed with the Court. *See* **Exh. B**.

Plaintiff's false narrative about service is a house of cards. Although Plaintiff claims that she never received the Reply by U.S. Mail—i.e., the only means by which Defendant served the Reply—Plaintiff's unauthorized sur-reply quotes and paraphrases the Reply which was mailed on June 20th repeatedly. *See, e.g.,* Sur-Reply, p. 1 ("In its additional response/memorandum of June 20, 2016, Defendant does not deny any of the corrections I made with its supporting evidence."); p. 2 (noting in the Reply that "Defendant simply omits to mention its earlier presented basis of participation."); p. 5 ("In its late memorandum Defendant quotes 'The mutuality of meeting of minds is to be determined by the expressed, and not by the secret intention of the parties.'"); p. 8 (noting that the "University cites a case [in the Reply], which

3

lends support" to Plaintiff's arguments). Obviously, Plaintiff could not have quoted and paraphrased Defendant's sealed Reply if Plaintiff did not receive service of that Reply by U.S. Mail. She had no other means of accessing the Reply given that the filing was sealed and was not provided by Defendant in any manner other than by U.S. Mail on June 20th.

This is not the first time Plaintiff has incorrectly represented to the Court that the University has failed to comply with the applicable service rules.[2/] As Plaintiff herself notes, on approximately June 6, 2016, Plaintiff filed a motion in which she suggested that the University failed to properly serve a motion for leave to file pleadings under seal and the sealed pleadings. *See* Doc. 56; *see also,* Mem. in Opp'n, ¶ 9.  As the University has briefed in detail, the University complied with its service obligations with respect to those materials—including relying on this Court's electronic filing system—and even provided Plaintiff with additional courtesy copies of several pleadings. *See* Doc. 70, pp. 1, 3-5. In short, Plaintiff's opposition to the Motion to Strike is just the latest in a string of misrepresentations which Plaintiff has made to this Court regarding the University's service practices.

> **B.     Sur-Replies Require Leave of Court, Which Plaintiff Did Not Obtain.**

Plaintiff suggests inaccurately that she moved for leave *generally* to file the Sur-Reply. *See* Doc. 78.  While it is true that Plaintiff sought the Court's permission to seal her unauthorized sur-reply, her motion to seal such filing does not seek permission to sur-reply to the Cross-Motion. *See id*.  Even if her motion to seal could be characterized as seeking leave to file a sur-reply generally−which it should not−Plaintiff still filed the Sur-Reply without ever actually receiving leave from the Court to do so. The Sur-Reply was not filed as an attachment to the Plaintiff's motion to seal.  Rather it was filed as its own separate pleading. *See* Docs. 78 and 79.

---

[2/]     Plaintiff also suggests that the University "allows itself extra days to file its motions as it pleases." *See* Mem. in Opp'n, ¶ 9.  Such a statement is without merit.  The University has complied with both the local and federal rules regarding the time within which certain pleadings must be filed.

4

Local Rule 7-4.01 does not permit such conduct. *See* E.D.Mo. L.R. 7-4.01 (noting that memoranda beyond a brief in support, brief in opposition, and reply brief "may be filed by either party <u>only with leave of Court</u>.") (emphasis added).

Moreover, leave is not warranted under these circumstances to file the Sur-Reply. Courts do not freely grant leave to file sur-replies. *See CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, Case No. 4:12-cv-246-CDP, 2014 WL 6607082, at *4 (E.D. Mo. Nov. 19, 2014) (refusing to consider sur-reply and noting that the Court "do[es] not usually permit surreplies"). In determining whether such leave should be afforded, courts "consider whether 'the reply which proceeded the surreply contained new information for which the opportunity to respond is needed.'" *Atuahene v. S. Dakota State Univ.*, Case No 07-4099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009); *see also Thornton v. Cates*, Case NO. 1:11-cv-01145, 2013 WL 2902846, at *1 (E.D. Cal. June 13, 2013)(noting that a district court may allow a surreply to be filed, but only 'where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'").

Rather than identifying the new arguments raised in the Reply which could possibly warrant the filing of the Sur-Reply, the Memorandum in Opposition only notes that the *Sur-Reply* contains "new arguments and [] supporting evidence." Mem. in Opp'n, ¶ 10. The novelty of the Sur-Reply, rather than the Reply, however, is not the standard for granting leave. *See Atuahene*, 2009 WL at *8; *Thornton*, 2013 WL at *1. Even if that were the standard, however, the "new arguments" raised in the Sur-Reply are not in fact novel. Critically here, Plaintiff admits that her new arguments "address precisely the matter of the terms of the agreement as reached by the parties" at mediation. *See id*. at ¶ 11. The terms of the parties' settlement are the central focus of the Cross-Motion and the Memorandum in Support of the Cross-Motion. *See,*

5

*e.g.,* Cross-Motion, ¶ 5; Mem. in Support, pp. 3-6.  Plaintiff had the opportunity to raise these Sur-Reply arguments in her memorandum in opposition to the Cross-Motion, and to the extent she failed to do so, no valid reason exists to warrant such delayed pleading.  *See, e.g., Riley v. Brook*, Case No. 2:15-cv-00150, 2015 WL 7572308, at *4 (D. Vt. Nov. 24, 2015) *aff'd* No. 15-4150-CV, 2016 WL 3453661 (2d Cir. June 23, 2016) ("Plaintiff had the opportunity to raise those arguments in her initial opposition to the motion to dismiss, and failed to do so.  Because Plaintiff was not granted leave to raise new issues in her Sur-Reply, her Sur-Reply should be stricken").

Finally, the Sur-Reply does not actually address the arguments raised in the Reply. Rather, her brief focuses on what the University allegedly *omitted* from the Reply.  *See, e.g.,* Sur-Reply, p. 1 (noting that in the Reply "Defendant does not deny any of the corrections" Plaintiff allegedly made in her memorandum in opposition to the Cross-Motion); p. 2 (noting that "Defendant simply omits to mention" information from the Reply); p. 4 (noting that in the Reply "Defendant does not deny my prior statements or supporting evidence").  In this way, the Sur-Reply is merely duplicative of many of the arguments Plaintiff asserted in her memorandum in opposition to the Cross-Motion.  No valid reason exists to warrant the granting of leave to file such a duplicative brief.  *See, e.g., CitiMortgage*, 2014 WL at *4 ("[the] proposed surreply was duplicative, so it is neither necessary nor helpful.").

### III.   CONCLUSION

For the foregoing reasons, Defendant Webster University respectfully requests that the Court enter an Order striking Plaintiff, Lily Robbe's Motion/Memorandum in Response to Defendant's Reply/Memorandum of June 20, 2016, including the accompanying exhibit, and granting any such other relief as this Court deems just and proper.

        Respectfully submitted,

        **BRYAN CAVE LLP**

By:    */s/ Travis R. Kearbey*
       Dennis C. Donnelly, #19613
       Travis R. Kearbey, #58964
       One Metropolitan Square
       211 North Broadway, Suite 3600
       St. Louis, MO  63102-2750
       Tel:  (314) 259-2000
       Fax:  (314) 259-2020
       E-mail:   dcdonnelly@bryancave.com
                travis.kearbey@bryancave.com

       **Attorneys for Defendant**
       **Webster University**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served upon the following, via the Court's electronic filing system, on this 11th day of July, 2016:

Lily A. Robbe
8025 Bonhomme Ave.
St. Louis, MO 63105

**Pro Se Plaintiff**

                */s/ Travis R. Kearbey*